THE parties in August, 1778, had agreed, the appellant to sell, and the appellee to buy, the lots and houses of the former in York town, for the price, to which they should be valued by three men appointed by mutual consent, and which price should be paid, one half at the time of valuation, and the other at the expiration of twelve months thereafter.
The men appointed reported their estimate in these words :— York September 18, 1.778, we the subscribers, by desire of mr. Amblar and mr, Thomas Wyld,junior, have, this day, viewed the *236 lots and houses belonging to mr. Ambler, inhere he formerly resided, and are of o Anion that, in ihé present situation of the lots and, houses, they are worth one thdusartd pounds. Mat. Pope, Corbin Griffin, Wm. Reynolds.
Five hundred pounds of the purchase’ money were paid as appearefh by this paper, October, 20, 1778, received of mr'. TliomaS Wyld the sum, of five hundred pounds, current m,oney, ■in oart payment of the tenement in York town, purchased of the subscriber, and mr. Wyld agrees, on his partj not to demand a title to the said tenement until the remaining sum of five hundred pounds is paid, -witness our hands. J. Ambler, Tho. Wyld, jun. and in autumn, 1779, the appellee, by an agent, offered to pay five hundred pounds more, in paper money, to the appellant who declined acceptance of them,- saying he should see mr. Wyld that afternoon.
The appellant afterwards procured (a) from the valuers a paper, on which were written the following words : some time in the year 1778, the und,er written were called upon, bymr. Thomas Wyld, to value the houses and tenement. in York town, then the property of mr. jajuelin Ambler, which houses and tenement the said Ambler, as we were informed, had agreed to sell the said Wyld at such a price as disinterested persons should determine the same were worth, agrpeably thereto the underwritten did value the aforesaid houses and tenement to one thousand pounds, and it being contrary to the laws of the land, at that time in' force, to make any diferente between paper money and specie, we the underwritten do further declare that we did then, and do now, think the aforesaid houses and tenement were worth one thousand pounds specie, in testimony whereof we have hereunto set our hands, this tenth day of february, 1782 ; and to which paper the names of. the valuers were subscribed.
An action, Which had been coiftmenced by the appellant against the appellee, in the general court, to recover the money due, was discontinued, for want of prosecution, the 20 day of October, 1783.
The appellant afterwards commenced action againsl the appellee, in the county court of Henrico, the declaration contained three counts, the first upon a promise to pay 600 pounds for *237 lots and tenements, lying in York town, sold by the appellant to the appellee ; the second, upon a promise for lots and improvements, lying in York town, sold by the appellant to the .appellee, to. pay so nmch money as they were worth, with an averment that they were worth BOO pounds ; and the third, upon a promise to pay six hundred pounds for so much money expended by the appellant for the use of the appellee.
The appellee pleaded that he .did not assume, upon which the issue was joined, the appellant consenting that the other party might give any special matter in evidence.
On trial of the issue, the appellants counsil offered in evidence to the jury the paper before mentioned, dated the If) day of febmary, Í782, subscribed by the three valuers, the counsil of .the other party excepted to it, and the court would not allow it to be delivered to the jury, notwithstanding which, the jury took the paper with them, when they were sent out of court to consult of their verdict.
The jury found a verdict for the appellant, assessing his damages to 3741. Is. 7|-.
The counsil for the .appellee moved for a new trial, shewing, for cause, that the jury, without permission of the court, carried that paper with them, the motion was rejected, because, as is stated in the bill of exceptions signed by one of the judges, the three men who subscribed the paper were present in court, to give fill testimony of the import of the same, which paper having been read to the court, after the return of the verdict, appeal ed to be a certificate signed by three of the witnesses in the cause, and not to vary from their viva voce testimony i and this rejection of the motion for the new trial, and, in consequence,"the judgement for the damages, upon an appeal to the geneial court, were affirmed the 22 day of june, 1789.
The appellee, on the 16 day of march, 1791, filed a bill in equity against the appellant, in the county court of York, stating, in addition to the matters herein before mentioned, and several others omitted here, because now thought unimportant, that, on trial of the issue before the county court of Henrico, he produced witnesses to contradict the witnesses on behalf of the appellant, or rather to invalidate their testimony, by proving the valuers to have acknowledged, that they made their estimate in current money, and had not specie in their contemplation at that time ; but that the court would not suffer the witnesses of the appellee to be examined ; and also stating that the valuation of September, 1778, which was required by the appellees counsil to be produced, was denied by the appellants counsil to be in existence; and praying to be relieved against *238 the judgement, by which the appellee was condemned to pay the damages assessed by the jury, which, aggravated with the additional damages upon affirmance, and with the costs, amount to 5501. 12s. If.
The appellant, by answer, declared, that the trial before Henrico court was fair, as he believes, admitted a valuation in September. 1778, but said how or in what manner that valuation was expressed he did not recollect; did not say any thing in answer to the allegation of the bill, repeated iuterrogatorialy, concerning the suppression of the valuation in 1778, unless it he by these words, had they (the valuers) even pretended to make their certificate of 1782 the foundation of this respondents clame, which is not the fact, the real valuation must have been brought forth, by which words the suppression is understood to he admitted ; that he acquiesced in the verdict, feeling himself hound by it, although it gave him less than he thought himself intitled to ; contended that no court hath power to interpose, and wrest from him the benefit of his verdict; espec-ialy as the court before whom the trial was, shewed their approbation of the verdict by denying the motion for a new trial, conceived the reason of rejecting testimony on behalf of the appellee, if it were rejected, to have been that the testimony was inadmissible ; and, with respect to the proof that the valuers had said they estimated the tenement in current money, the appellant observed the contrary was never contended ; that the valuers thought the property worth so much specie, and rated the current money at par with specie, which was the only matter insisted on.
d’he appellee replied to the answer, and several witnesses were examined.
Samuel Eddius deposed, that doctor Mathew Pope, being charged by Wyld with injustice in signing the paper of the 30 day of february, 1782, the substance of which was then rehearsed, declared it to he wrong, and that neither he nor those with whom he was joined in the valuation of 1778 thought of specie at that time; and .that when he signed that paper his intention was that Wyld should make the second payment of 500 pounds equal to the first, and said that it would come to one hundred pounds specie, according to the scale of depredation, and that mr. Arnbler had a right to no more, the same witness deposed, that doctor Corbin Griffin, whom Wyld charged in like manner with injustice, denied his signature to a second valuation or certificate, but being reminded that his signature was attested by Hugh Nelson, acknowledged he had signed a paper presented by mr. Nelson in behalf of mr. Am- *239 bier; and said, if it contained a word of specie, it was wrong and an oversight, for neither he nor the other t,wo thought of specie in the valuation of 1778, aiding he was confident the houses would not sell for that m >ney in specie, the same witness deposed, that he had heard those men declare, since the trial in Henrico court, that they did uot value the houses in specie but in current money.
Thomas Gibbs deposed that he heird doctor Griffin declare that the houses were not valued in specie, an l that the valuers at that, time dared not to have mentioned specie in their valuation, paper money being the legal circulating medium.
Laurence Gibbons deposed that he had often heard the valuers of the houses, since the trial in Henrieo court, declare, that they did not value them in specie.
Corbin Gritfin, to this interrogatory, propounded to him by the appellant, did you not, at the request of said Wyld and said Ambler, value the houses and tenements as aforesaid, in august, 1778, for the sum of one thousand -pounds, good money ? made answer in these terms :
Some time in the autumn of 1778, i was appointed with doctor Mathew Pope and mr. William. Reynolds to value the houses aforesaid, and their value was fixed at one thousand pounds : and
To this interrogatory, what was intended by the term, cgood money ■' did you suppose the houses and tenements worth one thousand pounds at the depretiation of five for one, or of the value of one thousand, pounds in specie-, or ttbe value thereof in paper currency according to the scale of depretiation ? made answer in these terms :

J knew of no depretiation, nor of any difference between paper and, specie.

William Reynolds, to the former of the two interrogatories mentioned to have been propounded to Corbin Griffin, made answer in these terms :
J was appointed one of three to value the houses, and fixed them at one thousand pounds, current money of Virginia ; and to the other of those interrogatories, made answer in these terms :
J knew of no depretiation at the time, but valued them in the money then in circulation.
Several witnesses deposed that the houses, which had been used for barracks, when Wyld bought them, were so ruinous as not to be then tenentable, without being repaired, and one witness deposed, that in 1784, before which time the houses appear to have been repaired by Wyld, at considerable expense, when the houses and lots were exposed to public sale, at the price of five hundred pounds, no bidder offered more.
*240 And Thomas Gibbs deposed, that the court of Henrico county would not permit him and two other witnesses to be examined in order to invalidate the testimony of the witnesses who were examined for the appellant.
The county court of York decreed the appellant to pay to the appellee 3951 I Is. 7^, with interest thereon, to be computed, after the rate of five per centum per annum, from the 10 day of june, 1789, till payment, and the costs.
The high court of chancery, before which the cause was brought by appeal, the 28 day of September, 1793, delivered this
OPINION AND DECREE,
That, if the appelleewere injured by the verdict of the jury, and judgement of the county court of Henrico stated in his bill, the only mode by which he could regularly obtain redress was a new trial of the issue between the parties in the a-.tion at common law, and consequently that the decree of the county court of York, which seems to have thought the principal money recovered by that decree so much more than the appellant ought to have received from the appellee, is erroneous ; and therefore this court doth reverse the said decree, but this court supposed.! that if certain facts now appearing by the testimony in this cause had been known to the jury who tried the issue, or to the court who rejected the motion for a new trial, eitliér the former might not have found such a verdict, or the other, if they had found it, might have awarded another trial : and is of opinion, that, although the county court of York perhaps had no power to award such new trial, this court retaining the cause may procede in it, as if it had been originaly commenced here; and therefore this court doth direct the said issue to be tried again before the said county court of Henrico, and' the verdict thereupon to be certified to this court, and the appellee here. in court doth consent, without which consent the new trial would not have been awarded, that if the damages which shall be assessed upon such trial excede the damages assessed on the former trial, which may be the event, this court may decree him to pay the excess and award execution against him for the same.
The facts unknown to the court of Henrico, and to the jury who tried the issue, are
That the men who signed the paper, dated the 10 day of feb-. ruary, 1782, signed it at the request of one party, without giving notice of it to the other party, and when they were not to- • gether, and are proved by three witnesses, since the trial, to have contradicted the matter affirmed by them in that paper ; *241 and that two of them (the other being dead) who were ex :nined on oath in this case, did not give a categorical answer to an interrogatory propounded explicity to extort from them such an answer, to the only material question in controversy.
The appellants counsil objected, that the jury’s having taking with them the paper of february, 1782, ought not now to be adjudged by,.this court a good cause for another trial for two reasons, one, that the same matter had been determined by another court, of competent jurisdiction, not to be a good cause for a new trial, which adjudication this court hath no power to correct, which reason perhaps would not have been mentioned, because it ought not to have been mentioned, if the objector had recollected that the bill of exceptions stated the vim voce testimony of the valuers not to have varied from the paper, whence is inferred that the court would have awarded a new trial, if they had known the feels now disclosed, that is, the maimer of procuring that paper, and the use which was maco of it, and that the viva voce testimony and paper vary from vvnat those men afterwards confessed to be the truth.
The other reason mentioned by the counsil for the appellant for disregarding the jury’s taking the paper, is that it did not govern them in their verdict, for if it liad governed them, they would have assessed more damages, which reason was not thought satisfactory, that all the jurors wore not governed by the paper with the concurrent testimony of the witnesses who signed it was indeed manifest, hut that some‘of them were governed by it, and that it had influence on the assessment, is probable ; and if it bad influence, that is conceived to be good case to award another trial.
How fixe jury formed their estimate oí the damages can only bo conjectured, the admission into that estimate of fractional quantities, whoso denominators were so low as farthings, shews die estimate to have i eeu the result of a calculation somewhat complex. If they allowed interest upon the money remaining due to the appellant as they arc believed to have done, the principal, with which they charged the appellant, was about 29.3 I. 37s, 6d. for the sum of that and the interest from September., 1779, to the day of finding tire verdict, being 811. 4s. hj- is equal to the 374 1. Is. 7\ assessed, the jury, differing ixi tlioir estimates according to a mode of adjustment said to be frequently practised whore unanimity is desperate, are supposed to have agreed, that, the sum of thoir estimates added together being divided by their own number, the quotient should be the in rasure of their damages.
If five jurors had been guided by the paper of february. *242 1782, and three by the statutory scale of depretiation, and the other four, neglecting both, had fixed on what they thought the true value of the houses and lots, the calculation might have been made in this manner : 5 x 500 + 3 x 100 + 4 x 1781. 12s. 6d. their sum would be 3514 1. 10s. and this being divided by 12, the quotient would he 2921. 17s. 6d.
This although merely conjectural shews a probability at least, that some of the jurors were governed, by that paper; and a probability that they were governed by such a paper and its corroborative evidence, as this last now appeareth, is deemed a good cause for a new trial.
The appellee stated in his bill other matters, of which notice was not taken in the opinion or decree of the high court of chancery, but which perhaps deserved notice.
One was, that on trial of the issue in Henrico court, the valuation in September, 1778, was required by the appellees counsil to he produced, hut was denied by the appellants counsil to be inexistence, the only part of the appellants answer, which is responsive to this allegation, if any part he responsive to it, seems to admit implicitly that the paper could have been produced, but that it was not produced, by the appellant, when this matter was mentioned in the high court of chancery, the appellants coimsil observed that the appellee had the valuation of September, 1778, for it appears by the transcript of proceedings before the county court of York to have been one of his exhibits, but this doth not prove that he had it at the trial in Henrico court, which was in april, 1785.
The other matter stated in the bill, and unnoticed in the opinion or decree, is that the Avitnesses offered by the appellees counsil to prove that Griffin, Pope and Reynolds had invariably acknowledged, that they made the valuation in currency, and that they never thought of specie at that time, Avere rejected by the court of Henrico : and the fact, which is neither confessed nor denied by the appellant, is proved by a witness.*

 This paper is stated to have been procured by the appellant,- because, in answer to a part of the bill alleging- that to have been the fact, and propounding this interrogatory, whethe'r lie, Jaquelin Ambler, or some person for nim, did not procure the valuation to be signed by the men whose names are subscribed to it 7 he. after explaining his motives for what followeih, says, he requested that a certificate of the valuers might be obtained and shewn to the complainant stating the ideas on which the valuation was made.

[*The case of Ambler v. Wyld, 2 Wash. 36, decides,—
;1„. Jf the parties in an action at law, are at liberty hy the issue to go fully into the examination of evidence, and having done so, a verdict is found after a fair trial, a court of Chancery ought not to interfere by directing a new trial,— part of the evidence was suppressed by the court.
2. The court of one county may relieve against a judgment at law rendered in another, by way of original jurisdiction ; and though it cannot award anew trial at the bar of that other court, yet it may direct an issue to be tried at its own bar. And if the relief be afibrded without the trial of an issue where that was necessary, the High Court of Chancery, upon an appeal, may after reversal retain the cause, and .direct an issue to be tried at the bar of that, or any other Court.
*243 3. The 5th section of the act for scaling debts &e. was not intended to let men loose from their contracts, but to allow a departure from the established scale, in cases, where it is necessary in order to meet the real contract of parties.
See Hamilton v. Urquhart, in this volume, post., and Yates v. Suite, ante. — Ld-]